```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

| | |
|---|---|
| GLYNIS SHADE, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION 10-00190-KD-B |
| | * |
| MICHAEL J. ASTRUE, | * |
| Commissioner of | * |
| Social Security, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") and the Commissioner of Social Security's Response. (Docs. 21, 23). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's application be **GRANTED**, **in part,** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$2,981.10** under EAJA for legal services rendered by her attorney in this Court.

## I. Findings Of Fact

Plaintiff commenced this action on April 26, 2010. (Doc. 1). Defendant filed an unopposed Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). Subsequently, the undersigned entered a Report and Recommendation on December 14, 2010,

recommending that Defendant's motion be granted and that the decision of the Commissioner be reversed and remanded. (Doc. 18). On December 30, 2010, the Report and Recommendation was adopted as the opinion of the Court and Judgment was entered reversing and remanding this cause to the Commissioner of Social Security for further proceedings.[1] (Docs. 19, 20).

Plaintiff's Motion for Attorney's Fees was filed on February 7, 2011. (Doc. 21). In the motion, Plaintiff requests an attorney's fee award of $2,982.14. (Doc. 21-1). The attorney's fee award represents a total of 17.2 hours, at an hourly rate of $173.38 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

The Commissioner of Social Security has filed a Response, and states that he has no objection to Plaintiff's fee request; however, the fee should be paid to Plaintiff, as opposed to her counsel. (Doc. 23).

## II. Conclusions Of Law

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424,

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

433 (1983)). See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

A.  **EAJA Hourly Rate**

The EAJA (as amended)[2] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.) In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers

---

[2]On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000). These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

3

> of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. Lucy v. Astrue, CV 06-147-C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In Lucy, the following formula, based on the CPI, was utilized:

> ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

Id. at 4. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. Id. at 5.

The undersigned finds, based on the Lucy decision, that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as these. The Complaint in this action was prepared and filed on April 26, 2010, and District Judge DuBose's Order and Judgment were issued on December 30, 2010. (Docs. 1, 19, 20). The number of days between those two dates is 249; thus making August 28, 2010, the "temporal midpoint" between those two dates. The CPI-U for August of 2010

was 211.308.[3] Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 211.308/152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $173.32. Accordingly, based on the formula set forth in Lucy, the undersigned finds that an hourly rate of $173.32 is appropriate.

B. **Reasonableness of Hours**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." (Id. at 1306).

In the case sub judice, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 21-2). The undersigned has reviewed this document and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, 17.2 hours is a

---

[3] In her motion, Plaintiff requests that $2,982.14 be awarded under EAJA for services rendered by her attorney based on an hourly rate of $173.38 and 17.2 hours of work. However, in calculating the hourly rate, Plaintiff inadvertently uses the CPI-U for April of 2010. See (Doc. 21-1 at 3).

5

reasonable number of hours for attorney time expended representing Plaintiff in federal court. See, e.g., Coleman v. Apfel, 2000 U.S. Dist. LEXIS 13843, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

## III. CONCLUSION

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act be **GRANTED, in part,** and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$2,981.10** under EAJA for legal services rendered by her attorney in this Court.[4]

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

---

[4] While Plaintiff requests that attorney's fees be paid directly to her attorney, the U.S. Supreme Court has determined that an EAJA award is payable to the litigant as the "prevailing party" and not her attorney. See Astrue v. Ratliff, 550 U.S. ___, 130 S. Ct. 2521, 2526 & 2526-2527, 177 L.Ed.2d 91 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite - it 'awards' the fees to the litigant[.]"); see also Brown v. Astrue, 271 Fed. Appx. 741, 743 (10th Cir. 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly

6

DONE this **23rd** day of **February, 2011**.

                                          <u>**/s/ Sonja F. Bivins**</u>
                                       **UNITED STATES MAGISTRATE JUDGE**

---

to counsel.").

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection.** Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days

---

[5]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

of being served with a copy of the statement of objection.  Fed.
R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate
judge finds that the tapes and original records in this action are
adequate for purposes of review.  Any party planning to object to
this recommendation, but unable to pay the fee for a transcript,
is advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost
of the transcript.